*E-Filed 11/10/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE CRUMP, | No. C 15-4579 RS (PR) |
|     Petitioner, | **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS;** |
|     v. | |
| JOHN SOTO, | **ORDER DIRECTING PETITIONER TO PAY THE FILING FEE BY DECEMBER 21, 2015** |
|     Respondent. | |

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. Presently before the Court is petitioner's application to proceed *in forma pauperis* ("IFP"). (Docket Nos. 3, 5, 6 and 10.) In support of such application, petitioner submitted a Certificate of Funds in Prisoner's Account signed by an authorized state official. The most recent Certificate of Funds shows that the average deposits to petitioner's account for the six months preceding the filing of the IFP application were $0.00, and the average balance in petitioner's account for the same time period was $554.68.

Based on the above, the Court finds that petitioner is able to afford the $5.00 filing fee in this action. Accordingly, petitioner's application to proceed IFP is DENIED. Petitioner

shall pay the $5.00 filing fee in this matter by submitting full payment to the Clerk of the Court on or before December 21, 2015.  Petitioner's failure to do so will result in the dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b), and without further notice to petitioner.  His motion for an extension of time to file an IFP application (Docket No. 9) is DENIED as moot.

Petitioner's motion (Docket No. 2) for the appointment of counsel is DENIED without prejudice.  There is no right to counsel in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  A district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present.  *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).  Petitioner has not shown that there are exceptional circumstances warranting the appointment of counsel.  The Clerk shall terminate Docket Nos. 2, 3, 5, 6, 9, and 10.

**IT IS SO ORDERED.**

DATED:  November 10, 2015

_____
RICHARD SEEBORG
United States District Judge