*E-Filed 3/10/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STEVE CRUMP,                                              No. C 15-4579 RS (PR)

          Petitioner,                                **ORDER TO SHOW CAUSE**

    v.

JOHN SOTO, Warden,

          Respondent.

_____/

**INTRODUCTION**

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions.  The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.  Respondent shall file a response to the petition on or before June 21, 2016, unless an extension is granted.

**BACKGROUND**

According to the petition, in 2013, an Alameda County Superior Court jury convicted petitioner of identity theft and making criminal threats.  Based on these and prior convictions, petitioner was sentenced to thirty years to life in state prison.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2   A district court considering an application for a writ of habeas corpus shall "award the writ or

3   issue an order directing the respondent to show cause why the writ should not be granted,

4   unless it appears from the application that the applicant or person detained is not entitled

5   thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in

6   the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See*

7   *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

8       The operative petition in this action is Docket No. 17, which petitioner titles "Traverse

9   (Amended Petition)."  As grounds for federal habeas relief, petitioner alleges (1) the initial

10   arrest was false and malicious; (2) his confrontation clause rights were violated by the court

11   and defense counsel; (3) counsel rendered ineffective assistance; and (4) the trial court and

12   counsel intentionally withheld evidence of police and prosecutorial misconduct.  (Docket

13   No. 17 at 9.)  When liberally construed, Claims 2–4 are cognizable on federal habeas review.

14       Claim 1, however, is DISMISSED without leave to amend.  Even if his initial arrest

15   was false and motivated by malice, there is no federal habeas relief for such a claim.  In

16   federal court, petitioner may challenge only the custody resulting from his state criminal

17   conviction, not the custody consequent to his initial arrest. *See* 28 U.S.C. § 2254(a).

18                                    **CONCLUSION**

19       1.  The Clerk shall serve a copy of this order, the petition and all attachments thereto,

20   on respondent and respondent's counsel, the Attorney General for the State of California.

21   The Clerk shall also serve a copy of this order on petitioner.

22       2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

23   days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

24   Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

25   be granted based on petitioner's cognizable claims.  Respondent shall file with the answer

26   and serve on petitioner a copy of all portions of the state trial record that previously have

27   been transcribed and that are relevant to a determination of the issues presented by the

28

**United States District Court**
For the Northern District of California

1   petition.

2      3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse

3   with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

4   answer is filed.

5      4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

6   order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory

7   Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files

8   such a motion, petitioner shall file with the Court and serve on respondent an opposition or

9   statement of non-opposition within **thirty (30)** days of the date the motion is filed, and

10  respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of

11  the date any opposition is filed.

12     5. Petitioner is reminded that all communications with the Court must be served on

13  respondent by mailing a true copy of the document to respondent's counsel.

14     6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

15  Court and respondent informed of any change of address and must comply with the Court's

16  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

17  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18     7. Upon a showing of good cause, requests for a reasonable extension of time will be

19  granted provided they are filed on or before the deadline they seek to extend.

20     8. Petitioner's motion to reopen the action (Docket No. 29) is DENIED as moot.  The

21  Clerk shall terminate Docket No. 29.

22     9. The Court notes that the filing fee has been paid.

23     **IT IS SO ORDERED**.

24  DATED:  March 10, 2016

25      RICHARD SEEBORG
    United States District Judge

26

27

28

No. C 15-4579 RS (PR)
ORDER TO SHOW CAUSE